McCALEB, Justice
(dissenting).
The majority opinion on rehearing admonishes the appellate courts of this State for placing “entirely too much emphasis” in maintaining a degree of uniformity of damage suit awards and concludes that so great a discretion is vested in the jury under Article 1934(3) of the Civil Code that the courts “ * * * should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration”.
The foregoing holding, it appears to me, constitutes somewhat of a paradox — for, in one breath the Court states that the uniformity doctrine has been overemphasized and, in the next, it declares that prior jurisprudence should be considered in determining whether the jury has abused its discretion.
I have no quarrel with the latter observation. Indeed, as author of the original opinion, I submit that is exactly the way the uniformity doctrine was applied in the instant case — that is, to demonstrate that under the particular facts, including the medical testimony in this matter, the verdict of the jury was so far out of line with previous awards as to make manifest an abuse of discretion.
The original opinion did not say, as the majority view on rehearing indicates, that the prior decisions on quantum of damages controlled the amount to be given in this case. On the contrary, we stated, after declaring that the $19,500 award was far out of line with awards given in other cases, for similar injuries, that “We, of course,, realize that in fixing quantum of damages each case must necessarily depend on its own particular facts.” Then, after reviewing all of the medical expert testimony as well as the statements of plaintiff as to the pain she suffered, we deduced that the jury’s verdict of $19,500 was clearly exceásive in view of the fact that awards in other cases for injuries óf a similar nature had ranged between $4,000 and $7,500.
In our discretion, which we found at that time to be properly exercised (except for the dissent of one member of the Court), we allowed plaintiff $8,500 which was $1,000 more than had theretofore been given by the appellate courts for similar injuries.
The majority opinion on rehearing does not find that any of plaintiff’s injuries were not considered on the original hearing. On the contrary, the basis for the change of opinion is a broad condemnation of the alleged overuse of prior awards in similar cases as guideposts for fixing quantum of damages, coupled with copious observations *276 from common law and federal decisions to the effect that, since quantum of damages 'depends primarily on an evaluation of facts, precedents are of little value.
Indeed, if prior awards in cases involving similar injuries are of little value, how will the appellate courts of this State perform their constitutional obligation of review on facts as well as law? The majority perforce acknowledges that prior awards must necessarily be considered in determining whether the judge or jury has abused his or its discretion. But, after making this concession, the Court, apparently disregarding the prior jurisprudence, simply concludes that, because plaintiff has suffered pain and fibrosis in the injured tissues, the jury did ■ not abuse its “large” discretion in giving her $19,500, or almost three times more than has heretofore been awarded for similar injuries. Under this reasoning, what set of facts and circumstances would be required for a verdict to be excessive ? Must it be 5 or 10 or 20 times more? Is there to be no precedent to which reference may be made in the determination of just compensation or shall the appellate courts hereafter merely nod their heads in abstract ap- . proval of speculative estimates of trial judges and juries? And should trial judges . instruct themselves and their juries to give consideration to prior awards in similar cases in reaching their conclusions?
I respectfully 'dissent.